**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 20, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KEYANA MARIE DAVIS,

    Defendant - Appellant.

No. 25-5107
(D.C. No. 4:24-CR-00178-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **HOLMES**, Chief Judge, **MATHESON**, and **MORITZ**, Circuit Judges.
_____

Keyana Marie Davis pleaded guilty to one count of assault by striking, beating, and wounding.  The district court sentenced her to one year in prison, which was the statutory maximum for that offense.  Davis seeks to appeal her sentence.  The government filed a motion to enforce the appeal waiver contained in her plea agreement.  *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

We will enforce an appeal waiver if (1) the appeal falls within the waiver's scope, (2) the defendant knowingly and voluntarily waived the right to appeal, and

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(3) enforcing the waiver will not result in a miscarriage of justice. *Id.* at 1325. Davis argues all three factors weigh against enforcement of her appeal waiver.

## *Scope of the Waiver*

As part of the plea agreement, Davis waived the right to appeal her conviction and sentence with one exception—if the sentence exceeded the statutory maximum.

Here, Davis's sentence did not exceed the statutory maximum, but she argues her appeal falls outside the waiver's scope because the sentencing judge was biased, and she did not waive her right to an impartial judge. She contends the district judge should have recused himself from the case. We note that the district judge's only involvement in the case was in sentencing Davis, and if Davis were successful in her appeal, the remedy would be to remand the case to the district court for resentencing before a different judge. Thus, this appeal falls squarely within the scope of the waiver because it concerns Davis's sentence, and her sentence did not exceed the statutory maximum.

## *Knowing and Voluntary Waiver*

To determine whether a waiver was knowing and voluntary, we examine the plea agreement's language and whether the district court conducted an adequate plea colloquy. *Id.*

The plea agreement and plea colloquy show a knowing and voluntary waiver. The plea agreement says explicitly that Davis waived her rights knowingly and voluntarily. And during the plea colloquy, she claimed to understand that she was waiving the right to appeal her sentence unless it exceeded the statutory maximum.

The plea colloquy shows that the court ensured that Davis knowingly and voluntarily accepted the appeal waiver. In sum, the record firmly establishes that the waiver was knowing and voluntary.

### *Miscarriage of Justice*

Enforcing an appeal waiver will result in a miscarriage of justice only if: (1) the district court relied on an impermissible factor, such as race; (2) ineffective assistance of counsel in negotiating the waiver makes it invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in a way that seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.* at 1327.

Davis argues the appeal waiver is otherwise unlawful because the sentencing judge believed the prosecutor's decision to charge Davis with a misdemeanor was too lenient. Based on the judge's comments to that effect, she argues "the judge lost his objectivity at sentencing and was treating this case as though he were still a prosecutor and unhappy with the resolution of it. He gave the statutory maximum not as a neutral arbiter but as a judge who had lost his objectivity and impartiality." Resp. Br. at 3.

In this case, the judge expressed disagreement with the charging decision, but nevertheless accepted the plea agreement and imposed a sentence within the statutory range for the offense. Davis offers nothing to support her claim of judicial bias other than the sentence she received being the statutory maximum and the judge's statements questioning the appropriateness of the prosecutor's charging decision.

3

These are not valid bases for a judicial bias claim. *See Leatherwood v. Allbaugh*, 861 F.3d 1034, 1050 (10th Cir. 2017) ("Judicial rulings alone are almost always insufficient to establish bias, as are mere speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters." (citation and internal quotation marks omitted)).  Davis has not shown that enforcing her appeal waiver will result in a miscarriage of justice.

*    *    *

We grant the government's motion to enforce the appeal waiver and dismiss this appeal.

Entered for the Court

Per Curiam